```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
TONY VON CARRUTHERS,              (
                                  (
        Plaintiff,                (
                                  (
vs.                               (    No. 06-2259-B/P
                                  (
WARDEN DAVID MILLS, et al.,       (
                                  (
        Defendants.               (
                                  (
```

```
              ORDER ASSESSING $350 FILING FEE
                     ORDER OF DISMISSAL
        ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                             AND
                 NOTICE OF APPELLATE FILING FEE
```

Plaintiff Tony Von Carruthers, Tennessee Department of Correction prisoner number 139604, an inmate at the Brushy Mountain State Prison ("BMSP")[1] in Petros, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Clerk shall record the defendants as WTSP Warden David Mills, Sergeant Kenneth Boyd, and Corporal Micah Middlebrook.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

the full filing fee of $350 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted both an in forma pauperis affidavit and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

---

[2] Effective April 9, 2006, the civil filing fee increased to $350 from $250.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the BMSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

Plaintiff is a death row inmate who was formerly housed at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, during the pendency of proceedings on his postconviction petition in the Shelby County Criminal Court. The complaint alleges that Carruthers has been held in administrative segregation for nine years with only one hour each day for outside recreation. He denies he is a security risk to state employees or inmates. Carruthers contends he arrived at the WTSP on January 28, 2005, where he was rarely permitted his one-hour recreation period.  According to Plaintiff, he was allowed out of his cell only ten (10) of the two hundred six (206) days he was at the WTSP.  Plaintiff administratively grieved this issue and the documents attached to the complaint demonstrate that WTSP Officials insisted Plaintiff was afforded recreation the same as other inmates.

Carruthers also contends that on June 8, 2005, Defendants Boyd and Middlebrook conspired to bring false disciplinary charges against him for possession of a deadly weapon. Plaintiff alleges that the disciplinary charge was fabricated to justify his continued confinement to segregation and denial of recreation. He claims that his right to due process was violated during the disciplinary hearing. Carruthers did not complete the administrative procedure for overturning his conviction because his appeal was untimely. He did file a Petition for Common Law Writ of Certiorari in the Chancery Court of Lauderdale County but does not detail the outcome of those proceedings.

Carruthers also alleges that he was given contaminated food and denied medical treatment for food poisoning the week after he was charged with the disciplinary offense. He does not attach any documentation which demonstrates that he attempted to file a grievance regarding these two incidents. Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies

5

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

Plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies on the claims arising from his disciplinary conviction, contaminated food, and denial of medical care. In accordance with Jones v. Bock, 127 S. Ct. 910, 923-26 (2007), the unexhausted claims are dismissed sua sponte and without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The only exhausted issue presented for determination in this complaint is the denial of outside recreation and confinement to segregation. An inmate does not have a liberty interest in assignment to a particular cell or security classification within an institution. See generally Sandin v. Conner, 515 U.S. 472, 484-87 (1995); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992); Beard v.

6

Livesay, 798 F.2d 874, 876 (6th Cir. 1986). Furthermore, the Supreme Court has repeatedly observed that prisons present an "ever-present potential for violent confrontation." Whitley v. Albers, 475 U.S. 312, 321 (1986) (quoting Jones v. No. Car. Prisoner's Labor Union, Inc., 433 U.S. 119, 132 (1977)). See also Wolff v. McDonnell, 418 U.S. 539, 561-62 (1974)(prisons are populated by violent offenders, causing unremitting tension among inmates and between inmates and guards). Consequently, the Court has concluded that security is the overriding penological interest at stake in any jail or prison. "[T]he core functions of prison administration [are] maintaining safety and internal security." Turner v. Safley, 482 U.S. 78, 92 (1987). See also Thornburgh v. Abbott, 490 U.S. 401, 415  (1989)(protecting prison security is central to all other correctional goals); Meadows v. Hopkins, 713 F.2d 206, 209-10 (6th Cir. 1983). Furthermore, the requirement that prison officials maintain security is simply the means by which they protect the Eighth Amendment personal safety rights of inmates.  See generally Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To the extent that Plaintiff complains because he was placed in administrative segregation, he has no claim. See Sandin, 515 U.S. at 484-87 (confinement to segregation is not an atypical or significant hardship giving rise to due process protections); Schrader v. White, 761 F.2d 975, 980 (4th Cir. 1985)(observing that

7

not infrequently the same inmates who desire secure surroundings frequently complain when officials impose conditions reasonably related to providing that security). See also Hutto v. Finney, 437 U.S. 678, 686 (1978)(confinement to punitive isolation does not implicate cruel and unusual punishment unless conditions themselves are cruel and unusual); Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987)("administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment," citing Hutto); Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981)(same). Cf. Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982)(classification decisions, in and of themselves, do not violate Eighth); Gilland v. Owens, 718 F. Supp. 665, 686 (W.D. Tenn. 1989)(same, following Hoptowit).

Furthermore, the Constitution does not guarantee Plaintiff daily access to exercise outside his cell. Indeed, the appellate courts have not established any minimum amount of exercise that must necessarily be afforded every prisoner. Rodgers v. Jabe, 43 F.3d 1082, 1087-88 (6th Cir. 1995)(a prisoner has a general right to exercise where circumstances demand, but no constitutionally mandated minimum). Rather, prison officials must not deprive an inmate of exercise so that his movement is denied, his muscles allowed to atrophy, and his health threatened. Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir. 1988). The Eighth Amendment thus prohibits a near-total deprivation of exercise without penological

justification. Id. See also Rodgers, 43 F.3d at 1086; Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); Gilland v. Owens, 718 F. Supp. 665, 686 (W.D. Tenn. 1989), 718 F. Supp. at 685. Plaintiff does not allege such a circumstance.

Accordingly, this complaint fails to state a claim upon which relief may be granted. As the complaint fails to state a claim, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failing to state a claim also compel the conclusion that an appeal would also fail to state a claim upon which relief could be granted.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith, and the Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner Plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings if any by this Plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this 1st day of March, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE